IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EUGENE E. VOLK,

                              Petitioner,

  v.                                                           OPINION and ORDER

CHERYL EPLETT,[1]                                       19-cv-792-jdp

                              Respondent.

---

Eugene E. Volk, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2015 judgment of conviction for operating a vehicle with a prohibited alcohol concentration, tenth-offense, entered in Waupaca County Case No. 2014CF213. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Volk challenges the trial court's decision to deny his motion to suppress what Volk calls the fruits of an illegal search. Volk contends that there was no basis for a reasonable suspicion to pull him over. I take Volk to be saying that dashboard camera video of Volk's driving contradicted the testimony of the arresting officer and did not show that Volk's vehicle crossed the center line of the highway. The Wisconsin Court of Appeals summarized the circuit court's decision as follows:

---

[1] I have amended the caption to name the warden of the facility that Volk is housed in as the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

> The court stated that it had viewed the video several times and observed some periods where Volk's vehicle was weaving within the lane and some "significant stretches where there appeared to be no problem with the driving." The court noted that there was a "time or two" where the vehicle may have crossed the line, though not near [the place where the arresting officer said that the vehicle crossed the line]. The circuit court found [the officer's] testimony credible, and concluded that, under the totality of the circumstances, the stop was proper.

*State v. Volk*, 2018 WI App 39, ¶ 3, 382 Wis. 2d 831, 917 N.W.2d 233, *review denied*, 2018 WI 100, ¶ 3, 384 Wis. 2d 769, 920 N.W.2d 911.

I will dismiss Volk's petition because the type of challenge he raises here is not allowed in a § 2254 petition. Under *Stone v. Powell*, 428 U.S. 465 (1976), litigants generally cannot relitigate motions to suppress in habeas proceedings. Courts have concluded that the "exclusionary rule" should not be used to grant habeas relief because that would not significantly serve the purpose of the exclusionary rule: deterring improper police conduct. *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002) (citing *Stone*, 428 U.S. at 493–95). There is a narrow exception to *Stone*'s bar "when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'" *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (quoting *Stone*, 428 U.S. at 482). A criminal defendant receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim; (2) the state court carefully and thoroughly analyzed the facts; and (3) the court applied the proper constitutional case law to the facts. There is no indication from Volk's petition or the available state-court records that suggest that the circuit court did not meet this standard. Volk thinks that the state-court decision was incorrect, and the point is an arguable one. But that is not enough to entertain a habeas petition on a suppression issue. Accordingly, I will dismiss Volk's petition.

ORDER

IT IS ORDERED that:

1. Eugene E. Volk's petition for writ of habeas corpus is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge